UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Criminal Case No. 18-20435-1
v.                                   Honorable Linda V. Parker

DONIEL A. HEARD,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CREDIT TOWARDS SENTENCE

On October 29, 2019, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3). (*See* ECF No. 98.) On June 8, 2021, this Court sentenced Defendant to a term of imprisonment of 240 months followed by a two-year term of supervised release. (ECF No. 126.) Defendant currently is detained by the Federal Bureau of Prisons (BOP) at its McKean Federal Correctional Institution (FCI) in Lewis Run, Pennsylvania. *See* https://www.bop.gov/inmateloc/.

The matter is presently before the Court on Defendant's "motion" requesting credit towards his sentence for time spent in custody before being indicted in this case. (ECF No. 138.) Defendant appears to be seeking credit going back to the

date he was detained in the Genesee County Jail, December 15, 2017. (*Id.* at Pg ID 1015.) He attaches a printout computing his sentence that lists jail credit only starting June 21, 2018 (i.e., the date he first appeared on the Indictment in this matter). (*Id.* at Pg ID 138.)

The Sixth Circuit has indicated that "a challenge to the execution of a sentence, such as the calculation of the length of the sentence, should be filed in a petition for a writ of habeas corpus under [28 U.S.C.] § 2241" and "in the district where the prisoner is incarcerated." *Toaz v. United States*, No. 19-1044, 2019 WL 11891949, at *2 (Mar. 19, 2019) (citing *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)). Thus, Defendant's motion, which should be labeled a petition for relief pursuant to § 2241, must be filed in the District Court for the Western District of Pennsylvania, as FCI McKean is located in McKean County, Pennsylvania. *See* 28 U.S.C. § 118(c). While this Court perhaps could transfer Defendant's motion to the appropriate jurisdiction, *see* 28 U.S.C. § 1631, it finds that a "transfer would not be in the interest of justice," *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). This is because there is no indication that Defendant has exhausted his administrative remedies within the Bureau of Prisons—a requirement before a prisoner may seek relief under § 2241.[1] *See*

---

[1] Although exhaustion is an affirmative defense, *see Luedtke*, 704 F.3d at 466 (citations omitted), it would be inefficient to transfer an unexhausted petition only to have the respondent seek dismissal on that basis.

2

*Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

For these reasons, the Court is **DENYING WITHOUT PREJUDICE** Defendant's motion for credit towards sentence (ECF No. 138).

**IT IS SO ORDERED.**

                                     s/ Linda V. Parker
                                     LINDA V. PARKER
                                     U.S. DISTRICT JUDGE

Dated: October 31, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 31, 2022, by electronic and/or U.S. First Class mail.

                                     s/Aaron Flanigan
                                     Case Manager